The Honorable Brian A. Tsuchida

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH EMAIL ACCOUNTS THAT ARE STORED AT PREMISES CONTROLLED BY MICROSOFT | CASE NO. MJ20-165<br><br>APPLICATION FOR NON DISCLOSURE ORDER REGARDING EXISTENCE OF WARRANT PURSUANT TO 18 U.S.C. § 2705(b)<br><br>**(FILED UNDER SEAL)** |

The United States requests that the Court order Microsoft Corporation not to notify any person, including the subscribers and customers of the accounts listed in the above captioned warrant, of the existence of the warrant for a period of one year.

Microsoft is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2). The attached warrant orders Microsoft to disclose certain records and information regarding the accounts. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id*.

USAO # 2020R00187

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

In this case, such an order is appropriate because the warrant relates to an ongoing criminal investigation. The Federal Bureau of Investigation ("FBI") is investigating whether LLUVIA FIGUEROA solicited a hitman to murder her boyfriend's wife, in violation of 18 U.S.C § 1958. This investigation is neither entirely public nor known to all of the subjects of the investigation.

Accordingly, there is reason to believe that notification of the existence of the warrant will seriously jeopardize the investigation or unduly delay a trial, including by giving the target an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, or change patterns of behavior. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the warrant, the subjects under investigation could destroy that evidence, including information saved to additional email accounts or computers. WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing Microsoft not to disclose the existence or content of the warrant for a period of one year, unless further ordered by the Court, except that Microsoft may disclose the warrant to an attorney for Microsoft for the purpose of receiving legal advice.

APPLICATION FOR NON DISCLOSURE - 2
USAO # 2020R00187

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

     The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

     DATED this 10th day of April, 2020.

                        Respectfully submitted,

                        BRIAN T. MORAN
                        United States Attorney

                        */s/ Marie M. Dalton*
                        MARIE M. DALTON
                        Assistant United States Attorney

APPLICATION FOR NON DISCLOSURE - 3
USAO # 2020R00187

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970